IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LENNI WILKES,

    Petitioner,                    No. 2:10-cv-2997 GEB DAD (HC)

    vs.

M. D. MCDONALD,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

                                /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises one claim in his pending petition, by which he challenges the sentence imposed following his 2009 conviction in state court on charges of assault with a deadly weapon and making criminal threats.  Specifically, petitioner claims that he received ineffective assistance of counsel when his attorney failed to file a motion to strike a prior felony conviction at a pretrial conference/motions hearing and chose instead to wait to make the motion until the time of sentencing.  Petitioner has moved to hold these proceedings in abeyance pending exhaustion of this claim for habeas relief in state court. Respondent agrees that the sole claim presented by petitioner is unexhausted, but also contends that federal habeas relief can, and should, be denied by the court on the merits.

/////

1  However, respondent has not waived the exhaustion requirement. <u>Cf</u>. 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.")

The court's limited authority to hold a petition for writ of habeas corpus in abeyance pending exhaustion of state court remedies extends only to mixed petitions that contain at least one fully exhausted claim. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269 (2005); <u>see also</u> <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009). The sole claim raised in the petition now pending before this court is undisputedly unexhausted. For that reason, the court has no authority to hold this action in abeyance and petitioner's motion for stay and abeyance should be denied.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus, 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1986).

As noted above, it is undisputed that petitioner has failed to exhaust his sole claim for relief in state court. After reviewing the pending petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner's sole claim has not been presented to the California Supreme Court. Further, there is no allegation that state court

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2). As noted above, respondent argues that relief on the claim before the court can and should be denied on the merits. However, where, as here, petitioner seeks to return to state court to exhaust his claim and respondent does not explicitly waive exhaustion, this court declines to reach the merits of the claim.

1  remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed

2  without prejudice.[2]

3              In accordance with the above, IT IS HEREBY RECOMMENDED that:

4              1. Petitioner's February 24, 2011 motion to hold these proceedings in abeyance

5  be denied; and

6              2. This action be dismissed without prejudice for failure to exhaust state court

7  remedies.

8              These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

10 days after being served with these findings and recommendations, any party may file written

11 objections with the court and serve a copy on all parties.  Such a document should be captioned

12 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

13 objections shall be filed and served within fourteen days after service of the objections.  The

14 parties are advised that failure to file objections within the specified time may waive the right to

15 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: April 15, 2011.

17

18                                    _____
                                       DALE A. DROZD
19                                    UNITED STATES MAGISTRATE JUDGE

20 DAD:12
   wilk2997.exh

21

22

   [2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
23 limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
   year period will start to run on the date on which the state court judgment became final by the
24 conclusion of direct review or the expiration of time for seeking direct review, although the
   statute of limitations is tolled while a properly filed application for state post-conviction or other
25 collateral review is pending.  28 U.S.C. § 2244(d).  This court makes no findings at this time
   whether a subsequent federal habeas corpus action attacking the instant conviction could be filed
26 within the time limits of 28 U.S.C. § 2244(d).