IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LENNI WILKES,

    Petitioner,                      No. 2:10-cv-2997 GEB DAD (HC)

    vs.

M. D. MCDONALD,

    Respondent.                  <u>FINDINGS AND RECOMMENDATIONS</u>

         Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's motions for relief from judgment and for leave to file an amended petition.

         On May 19, 2011, this action was dismissed without prejudice due to petitioner's failure to exhaust his claims in state court. Judgment was entered on the same day. On December 12, 2011, petitioner filed a document which, by order filed January 6, 2012, the court construed as a motion for relief judgment pursuant to Fed. R. Civ. P. 60(b). In the January 6, 2012 order, petitioner was granted thirty days to supplement that motion by filing a proposed amended habeas petition with this court. On January 25, 2012, petitioner filed a motion for leave to amend the petition, and on February 6, 2012, he filed a proposed first amended petition. In that first amended petition, petitioner now claims that the trial court erred in failing to strike two

prior convictions at the time of his sentencing.  By order filed March 12, 2012, respondent was directed to file a response to the motion for relief from judgment.

On March 26, 2012, respondent filed a response to both motions.  Respondent raised no objection to either petitioner's request for relief from the judgment or his request to amend his petition, but does argue that the claims now raised by petitioner are not cognizable in this federal habeas corpus proceeding because they are based solely on alleged errors of state law.  Petitioner filed a reply on May 17, 2012.

Because respondent has no opposition either to the motion for relief from judgment or to the motion to amend the petition, the court will recommend that those motions be granted.  However, the court will also recommend that the claims raised in the first amended petition be dismissed because they are based solely on alleged errors of state sentencing law.  Federal habeas corpus relief is unavailable for such errors.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989); Speer v. Lopez, 2012 WL 1569628, at * 19 (C.D. Cal. Mar. 6, 2012) ("[A] claim that the state court erred by refusing to grant Petitioner's Romero motion and striking one of Petitioner's prior strikes only concerns state sentencing law and does not implicate a federal constitutional right.")

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

/////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's December 12, 2011 motion for relief from judgment (Doc. No. 24) be granted;

2. Petitioner's January 25, 2012 motion to amend (Doc. No. 26) be granted;

3. The claims raised in the first amended petition be dismissed; and

4. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
wilk2997.60bfr